Stephen C. Tingey (4424)
Michael D. Mayfield (8237)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mmayfield@rqn.com

*Attorneys for Onset Financial, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ONSET FINANCIAL, INC., a Utah corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NY-MAC ENTERPRISES, INC., a Michigan corporation; and DOUGLAS J. NYLANDER, an individual,<br><br>　　　　　　　Defendants. | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Civil No. 2:15-cv-00804-DN |

Pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure, plaintiff Onset Financial, Inc. ("Onset") respectfully moves for summary judgment on its claims herein against defendants NY-MAC Enterprises, Inc. and Douglas J. Nylander.

### STATEMENT OF RELIEF REQUESTED AND GROUNDS FOR RELIEF

Plaintiff Onset is the lessor under an equipment finance lease agreement, with defendant NY-MAC Enterprises as lessee. Defendant Nylander guaranteed the obligations of defendant NY-MAC pursuant to a written guaranty. Defendant NY-MAC defaulted on its obligations

under the lease agreement, and Onset initiated this action to enforce the lease agreement and the guaranty, to collect amounts owed, and to recover the leased equipment.

By this motion, Onset seeks judgment against defendants NY-MAC Enterprises, Inc. and Douglas J. Nylander for the balance owed on the equipment lease agreement and related guaranty, which balance is the sum of $1,193,389.55, together with interest thereon from and after September 3, 2015, both before and after judgment, at the contract rate of eighteen (18%) per annum, together with attorneys' fees and costs incurred by Onset, together with additional expenditures, including property tax or sales tax, as incurred by Onset, less deposits held by Onset in the amount of $26,068.10.  Additional relief requested in Onset's claim, and in this motion, is recovery and possession of the leased equipment.

The grounds for the relief requested are that defendant NY-MAC Enterprises executed the Master Lease, the Lease Schedule and the other lease documents, and defendant Nylander executed the Guaranty.  Defendant NY-MAC Enterprises defaulted on its obligations under the Lease by failing to pay monthly lease payments, failing to pay registration fees for the leased equipment, failing to pay sales taxes associated with monthly lease payments, and cancelling ACH authorizations for payments.  The amount owing on the Lease is the sum of all remaining lease payments due under the Lease, plus sales taxes, fees, interest, attorneys' fees and other costs, as stated in the Lease and as set forth in the Declaration of Remington Atwood.

## STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Rule 56-1 of the Rules of Practice of the United States District Court for the District of Utah, Onset submits the following statement of elements and undisputed material facts for purposes of this Motion.

The elements of Onset's breach of contract claim against defendants are:

1.      There is a contract between Onset and defendants NY-MAC and Nylander;

2.      Onset has performed its obligations under the contract;

3.      Defendants NY-MAC and Nylander breached the contract by not performing their obligations; and

4.      Onset has been damaged because of defendants' breach of the contract.

*America West Bank Members, L.C. v. Utah*, 2014 UT 49, ¶ 15, 342 P.3d 224, 230-31; and *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392.

1.      **A Contract Exists Between Onset and Defendant, as Evidenced by the Lease and the Guaranty.**

     A.      <u>Element</u>:      The Lease and the Guaranty are contracts between Onset and defendants NY-MAC and Nylander.

     B.      <u>Citation</u>:      *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392

                               *Glacier Land Co. LLC v. Claudia Klawe & Associates, L.L.C.*, 2006 UT App 516, 154 P.3d 852.

     C.      <u>Material Facts</u>:

     1.      On or about February 24, 2015, defendant NY-MAC Enterprises, Inc. ("NY-MAC"), as lessee, executed and delivered to Onset, as lessor, a Master Lease Agreement No. OFI0745232, dated February 24, 2015 (the "**Master Lease**"), a copy of which is attached as Exhibit A to Onset's Complaint filed herein.  (Answer at ¶ 6) (Second Declaration of Remington Atwood (hereafter "Atwood Decl.") at ¶ 6).

     2.      In connection with the Master Lease, defendant NY-MAC, as lessee, executed and delivered to Onset, as lessor, Schedule No. 001 to Master Lease Agreement No. OFI0745232, dated February 24, 2015, including Amendment No. 1 to Lease Schedule No. 001 dated February 27, 2015 (collectively the "**Schedule**"), a copy of which is attached as Exhibit "C" to Onset's Complaint filed herein, wherein defendant NY-MAC promised to pay to Onset amounts described in the Schedule and leased from Onset:  (a) a Paver, described as one

3

Berkamp Model M1-E Slurry Seal/Microsurfacing Paver with 9' – 15' Screed including Spreader Box, serial no. 000M1E-13A-0103, (the "**Paver**"); and (b) four trucks, described as:  (i) one 1999 Peterbilt Truck with Materials Support Units (Tenders), VIN No. 1XPGDU9X6XD502555, (ii) one 1999 Peterbilt Truck with Materials Support Units (Tenders), VIN No. 1XPGDU9X4XD502554, (iii) one 1999 Peterbilt Truck with Materials Support Units (Tenders), VIN No. 1XPGDU9X2XD502553, and (iv) one 1999 Peterbilt Truck with Materials Support Units (Tenders), VIN No. 1XPGDU9XXXD502543, as more particularly described in the Schedule (the above identified Peterbilt Trucks described in subparagraphs (b)(i) through (b)(iv) are referred to collectively as the "**Vehicles.**"  The Vehicles and the Paver are referred to collectively as the "**Property**").  (Answer at ¶ 8) (Atwood Decl. at ¶ 7)

3.      In connection with the Schedule, defendant NY-MAC executed and delivered to Onset an Acceptance and Delivery Certificate to Lease Schedule No. 001 (the "**Certificate**"), a copy of which is attached as Exhibit "D" to Onset's Complaint filed herein.  (Answer at ¶ 9) (Atwood Decl. at ¶ 8)

4.      In connection with the Schedule, defendant NY-MAC executed and delivered to Onset an ACH Authorization Form (the "**ACH Authorization**"), a copy of which is attached as Exhibit "E" to Onset's Complaint filed herein.  The Master Lease, the Schedule, the MPPA, the Certificate, and the ACH Authorization are referred to hereafter collectively as the "**Lease**" or the "**Lease Agreement**").  (Answer at ¶ 10) (Atwood Decl. at ¶ 9)

5.      Defendant Douglas J. Nylander ("Nylander") made, executed and delivered to Onset his Continuing and Unconditional Guaranty, dated February 24, 2015 ("**Guaranty**"), wherein defendant Nylander guaranteed payment and performance of all of the obligations of

defendant NY-MAC under the Lease.  A true and correct copy of the Guaranty is attached as

Exhibit "F" to Onset's Complaint filed herein.  (Answer at ¶ 11) (Atwood Decl. at ¶ 11)

2.     **Onset Performed Its Obligations Under the Contract By Acquiring the Property and Leasing the Property to NY-MAC.**

     A.    <u>Element</u>:    Onset did what the contract required it to do by acquiring the Property and leasing it to NY-MAC.

     B.    <u>Citation</u>:    *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392

     C.    <u>Material Facts</u>:

     6.    Onset acquired the Property and leased the Property to NY-MAC, as evidenced

by the Master Lease and Schedule, and as stated in the Certificate.  (Answer at ¶ 9) (Atwood

Decl. at ¶ 10)

3.     **Defendants Defaulted on the Lease and Guaranty by Failing to Pay Monthly Lease Payments, Registration Fees and Sales Taxes, and by Cancelling ACH Authorizations.**

     A.    <u>Element</u>:    Defendants breached the contract by failing to pay monthly lease payments, registration fees and sales taxes, and by canceling ACH authorization.

     B.    <u>Citation</u>:    *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 22, 94 P.3d 193, 199

                             *Polyglycoat Corp. v. Holcomb*, 591 P.2d 449, 451 (Utah 1979)

     C.    <u>Material Facts</u>:

     7.    Defendant NY-MAC defaulted in its covenants and obligations under the Lease in

that NY-MAC failed to make various payments as required by the Lease.  (Atwood Decl. at ¶ 12)

     8.    NY-MAC failed to pay the Monthly Rental Payment that was due under the Lease

Agreement on March 1, 2016.  The Monthly Rental Payment that was due on March 1, 2016 is

the amount of $26,068.10, plus applicable sales taxes, as shown on the Schedule.  Defendants did

not pay this amount.  A copy of the history of all payments made to Onset by defendants in

relation to the Lease is attached as Exhibit 2 to the Atwood Declaration.  (Atwood Decl. at ¶ 13).

9.      NY-MAC failed to pay sales taxes on monthly lease payments for the months of
September 2015 and each month thereafter.  The Schedule identifies Texas as the location of the
Property.  Texas assesses sales taxes on monthly lease payments at the rate of 8.25%.  The
assessed sales tax on the monthly lease payment was $2,150.62 for the month of September
2015, based on the monthly rental payment of $26,068.10.  Beginning in October 2015, the
assessed sales tax was reduced to $1,377.37 per month because Texas required that sales taxes
for the Vehicles be paid at the time of registration, thus the sales taxes of $1,377.37 per month
represents the sales taxes due on the portion of the Monthly Rental Payment attributable to the
Paver.  Defendant NY-MAC paid the sales taxes assessed on the Monthly Rental Payments up to
and including the August 2015 monthly payment.  However, defendants did not pay the sales tax
assessed on the September 2015 Monthly Rental Payment and have not paid the sales tax
assessed on any of the Monthly Rental Payments thereafter.  Onset has paid sales taxes to the
State of Texas for the months of September 2015 through November 2015 in the total amount of
$4,905.36, and sent invoices to defendants for these amounts, copies of which are attached as
Exhibit 1 to the Atwood Declaration.  Defendants have not paid these amounts.  (Atwood Decl.
at ¶ 14)

10.      In addition, NY-MAC failed to pay the registration fees for the leased equipment.
After defendants notified Onset that the Vehicles had been titled in the State of Michigan, Onset
proceeded to register the Vehicles in Onset's name in Michigan.  Registration fees assessed by
the State of Michigan in relation to this registration, and paid by Onset, are $300.02.  Defendants
have not paid these registration fees and sales taxes.   (Atwood Decl. at ¶ 15)

11.      In addition, the State of Michigan assesses sales taxes on monthly lease payments
at the rate of 6%.  Based on the registration of the Vehicles in Michigan in February 2016, the

Michigan assessed sales tax on the Monthly Rental Payments is $1,564.09 per month.

Defendants have not paid Onset for this amount.  (Atwood Decl. at ¶ 16)

      12.     In addition, defendants are in default of their obligations because defendants

cancelled or rejected ACH payments for sales tax and monthly rental, contrary to the Schedule

and the ACH Agreement, and Onset failed to receive the required payment by electronic transfer.

(Atwood Decl. at ¶ 17)

**4.**     **Onset Has Been Damaged in the Amount Set Forth in the Contract.**

    A.    <u>Element</u>:     Onset was damaged because defendants breached the contract.

    B.    <u>Citation</u>:     *Black v. Allstate Ins.*, 2004 UT 66, ¶ 28, 100 P.3d 1163, 1170

                                  *Ford v. Amer. Express fin. Adv.*, 2004 UT 70, ¶ 39, 98 P.3d 15, 26

                                  *McCleve v. D. Ray Hunt Family Limited Partnership*, 2013 UT
App. 185, ¶ 17, 307 P.3d 650, 657

    C.    <u>Material Facts</u>:

      13.     According to Section 19 of the Master Lease, on default Onset, as lessor, may "do

any one or more of the following" including:

> (h)   declare immediately due and payable all amounts due or to become due
> hereunder for the full term of the Lease (including any renewal period or purchase
> options which Lessee has contracted to pay);

*See* Master Lease at ¶19(h) (Exhibit A to Compl.).  (Atwood Decl. at ¶ 18).

      14.     The amount owed by defendant NY-MAC under the Lease, and guaranteed by

defendant Nylander under the Guaranty, is the sum of $1,193,389.55, consisting of: (i) twenty-

five (25) unpaid Base Period Monthly Rental Payments in the amount of $26,068.10 each for a

total of $651,702.50; (ii) eighteen (18) unpaid Extension Period Monthly Rental Payments in the

amount of $26,068.10 each for a total of $469,225.80; (iii) sales taxes on the remaining unpaid

Monthly Rental Payments in the amount of $67,225.87; (iv) Texas sales taxes on Monthly Rental

Payments for the months of September 1, 2015 to November 1, 2015 in the amount of $4,905.36;

and (v) registration fees paid to the State of Michigan in relation to the Vehicles in the amount of $300.02 (less deposits held by Onset in the amount of $26,068. These amounts accrue interest at the rate of eighteen percent (18%) per annum, from September 3, 2015, until paid. (Atwood Decl. at ¶ 19).

15.     In the Lease and the Guaranty, defendants agreed to pay to Onset all attorneys' fees and costs incurred by Onset in collecting the amounts owed under the Lease. (Atwood Decl. at ¶ 19.)

16.     Onset has incurred costs and fees to date in connection with collection of the amounts owed under the Lease in the amount of $22,316.10. (*See* Declaration in Support of Attorneys' Fees)

## ARGUMENT

## I.     ONSET IS ENTITLED TO SUMMARY JUDGMENT ENFORCING THE LEASE.

### A.     The Lease is in Default.

Onset's claims seek enforcement of the obligations of defendant NY-MAC under the written Lease, and defendant Nylander under the Guaranty. Defendants admit the execution of the Master Lease, the Schedule, the Certificate, the ACH Agreement and the Guaranty. (*See* Answer ¶¶ 6-11; Atwood Decl. ¶¶ 6–9, 11.) The undisputed facts show that defendants defaulted on their payment obligations under the Lease.

### 1.     Defendants Failed to Pay Monthly Rental Payments.

Defendants have not paid the Monthly Rental Payments that were due on March 1, 2016 and on April 1, 2016. As required by the Schedule, Monthly Rental Payments are to be paid by electronic transfer. The electronic transfers for the March 1, 2016 payment and the April 1, 2016 payment were rejected by defendants' bank, and the payments were not received by Onset. Both the non-payment and the rejection of the electronic transfer are defaults under the terms of the

Lease Agreement.  (Atwood Decl. at ¶¶ 13 and 17).  Thus, there is no question that defendants

are in default of their obligations under the Lease.

### 2.    Defendants Have Not Paid Sales Taxes on Monthly Rental Payments.

Defendants have not paid sales taxes on monthly rental payments.  In the Lease,

defendants agreed as follows:

> Lessee shall promptly pay to Lessor, and agrees to indemnify and hold Lessor
> harmless from all taxes, fees, assessments and charges paid, payable or required
> to be collected by Lessor (together with any penalties, fines or interest thereon),
> which are levied or based on the Monthly Rental or other payment due under the
> Lease, or on the delivery, acquisition, possession, use, operation, lease, rental,
> sale, purchase, control or value of the Property, including without limitation,
> registration and license fees and assessments. . . . (collectively "taxes"), whether
> the same be assessed to Lessor or Lessee.

Master Lease at Sec. 4 (Ex. A to Compl.).

In this case, the State of Texas assesses sales taxes on monthly rental payments at the rate

of 8.25% per annum.  (Atwood Decl. at ¶ 14).  The assessed sales tax on the monthly lease

payment was $2,150.62 for the month of September 2015, based on the Monthly Rental Payment

of $26,068.10.  Beginning October 2015, the assessed sales tax was reduced to $1,377.37 per

month, because Texas required that sales taxes for the Vehicles be paid at the time of

registration, thus the sales taxes of $1,377.37 per month represents the sales taxes due on the

portion of the Monthly Rental Payment attributable to only the Paver.  (*Id.*).  Defendant paid the

sales taxes assessed on the Monthly Rental Payments up to and including the August 2015

monthly payment.  However, defendants did not pay the sales tax assessed on the September

2015 Monthly Rental Payment and have not paid the sales tax assessed on any of the Monthly

Rental Payments thereafter.  Onset has paid sales taxes to the State of Texas for the months of

September 2015 through November 2015 in the total amount of $4,905.36.  (*Id.*).  Defendants

have not paid Onset for these sales taxes.  (*Id.*).

### 3. Defendants Failed to Pay Registration Fees for the Vehicles.

Defendants failed to pay registration fees related to registration of the Vehicles.  In the

Schedule, defendants agreed as follows:

> TITLED PROPERTY:  Lessee [NY-MAC] shall, at Lessee's own expense,
> register, title and license each Vehicle in Lessor's name and in the manner
> prescribed by Lessor as required by the applicable government or regulatory
> agency(ies), or shall assign and deliver the Vehicle's title to Lessor upon
> execution of the Lease. ... In the event Lessor registers, titles and/or licenses any
> Vehicle, Lessee shall immediately reimburse Lessor for all expenses relating
> thereto.

*See* Schedule at Sec. 11.b. (Ex C to Compl.).

The Schedule and the Certificate, both signed by NY-MAC, indicate the Property would

be located in Texas.  After Onset attempted to register the Vehicles in Texas, defendants

informed Onset that the Vehicles were located in Michigan and had been issued Michigan plates.

(Answer at ¶ 29).  Onset thereafter registered the Vehicles in Onset's name in the State of

Michigan.  In connection with the registration, Onset paid registration fees in the amount of

$300.02.  (Atwood Decl. at ¶ 15).  Defendants have not reimbursed Onset for these expenses.

(*Id.*).

### B. The Amount Owed by Defendants Is Not Subject to Dispute.

The amount owing on the Lease is established by the Lease and is set forth in the

Declaration of Remington Atwood.

Under the terms of the Lease, as a result of defendants' default, Onset is authorized to

exercise "any one or more of the" remedies stated in the Master Lease to collect the lease

balance.  (Master Lease at Sec. 19 (Ex. A to Compl.))  The Master Lease provides, as one

available remedy, that Onset may "declare immediately due and payable all amounts due or to become due hereunder for the full term of the Lease (including any renewal period or purchase options which Lessee has contracted to pay)." (Master Lease at ¶ 19.h. (Ex. A to Compl.))  The Lease requires monthly rental payments, and is for a base period of 36 months.  (*See* Lease Schedule at Sec. 3 (Ex. C to Compl.))  In addition, the Master Lease provides that, in the event of default under the Lease, defendant NY-MAC's "Options at Maturity of Base Period" are limited to Option (2), which provides for the Lease to extend for an additional 18 months.  (*See* Master Lease at Sec. 19.n. (Ex. A to Compl.))

Onset's Complaint seeks recovery of the remaining payments due under the Lease.  The amount owed by defendants on the Lease is subject to mathematical calculation, and is not subject to dispute.  These amounts are:

| | |
|---|---|
| Twenty-five (25) Remaining Base Period Monthly Rental Payments @ $26,068.10 each: | $651,702.50 |
| Eighteen (18) Extension Period Monthly Rental Payments @ $26,068.10 each: | $469,225.80 |
| Michigan Sales Tax on remaining Monthly Rental Payments | $67,225.87 |
| Texas Sales Tax on Monthly Rental Payments for the months of September 1, 2015 to November 1, 2015 | $4,905.36 |
| Michigan registration fees for Vehicles | $300.02 |
| Less Deposit | ($26,068.10) |
| Total: | $1,193,389.55 |

(Atwood Decl. at ¶ 19).

11

In Section 19 of the Master Lease, defendants agreed that these amounts accrue interest at the rate of 18% per annum, until paid. (Master Lease at Sec 19 – Ex. A to Compl.)

The Master Lease provides that, on default by defendants, Onset is "entitled to recover all costs and expenses incurred by [Onset] . . . including without limitation, reasonable attorney fees and costs incurred in connection therewith or otherwise resulting or arising from Lessee's default." (Master Lease at Sec 19 – Ex. A to Compl.) Onset has incurred costs and fees to date in connection with collection of the amounts owed under the Lease in the amount of $22,316.10. (*See* Declaration in Support of Attorneys' Fees dated March 30, 2016.)

## CONCLUSION

Onset is entitled to judgment as a matter of law against defendants. The material facts, as established by the Answer of defendants and the Second Declaration of Remington Atwood, show that no genuine issue as to any material fact exists and that Onset is entitled to judgment as a matter of law on its claims.

Onset respectfully requests that the Court grant its motion for summary judgment.

DATED: April 27, 2016.

RAY QUINNEY & NEBEKER P.C.


*/s/ Stephen C. Tingey*
Stephen C. Tingey
Michael D. Mayfield
*Attorneys for Plaintiff Onset Financial, Inc.*

1364913v2

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2016, a true and correct copy of the

foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was filed with the Clerk

of Court using the CM/ECF system, which caused the following parties or counsel to be served

by electronic means:

> Clint A. McAdams
> J. Joyce and Associates
> 10813 South River Front Parkway, Suite 230
> South Jordan, UT 84095

> _/s/  Linda Lilyquist_

1364913v2